**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| JONATHAN SHAWN GOOSBY. | § | |
| (TDCJ  No. 1307836) | § | |
| V. | § | CIVIL ACTION NO. 7:13-CV-123-O |
| | § | |
| LINDA ROBERTSON, et al. | § | |

**AMENDED[1]**
**OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§**
**1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate and plaintiff Jonathan Shawn

Goosby's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B).  Goosby,

an inmate at the Texas Department of Criminal Justice's Polunsky Unit, filed a form civil-rights

complaint seeking relief under 42 U.S.C. § 1983.[2]  Goosby names as defendants several persons

associated with the North Texas State Hospital (NTSH), including Linda Robertson, caseworker;

Curtistene Dickerson, caseworker; Kirby Turner, M.D., assessing clinician; Amanda Robertson, social

worker; and Camila Anita Losoya, staff member.  Complaint, at 1,3, ECF No. 3.  Goosby complains

of events that took place while he was housed in the NTSH in 2004-2005 pending a competency

determination. *Id.* at 5 § V.  Goosby alleges that defendant Turner failed to provide him adequate

medical care; that defendant Losoya subjected him to sexual exploitation; and that the remaining

defendants, even though notified of the alleged sexual exploitation, failed to report the allegations

or assist Goosby. *Id.* at 3 § IV(B).  Goosby has also filed a motion for leave to file an amended

---

[1] This order **VACATES** the order and judgment entered on April 22, 2014, and the Clerk of Court should note
this on the docket.  The Court granted Jonathan Shawn Goosby's motion to alter or amend judgment under Federal Rule
of Civil Procedure 59(e) in order to clarify that the Court will decline supplemental jurisdiction and not address any
claims Goosby's raises or could allege under state law. *See* text at 4 and closing paragraph *infra*.

[2] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United
States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured
by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper
proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

complaint, which will be granted to the extent the Court also considers the additional allegations in the "proposed amended complaint" attached to the motion. In that document, Goosby defines his claims under 42 U.S.C. 1983 as alleged violations of the Eighth and Fourteenth Amendments to the Constitution. Proposed Amended Complaint, at 1, ECF No. 8 He also alleges for the first time a health care liability claim under Texas Civil Practice and Remedies Code § 74.001(a)(13), and claims of sexual exploitation by a mental health service provider under Texas Civil Practice and Remedies Code §§ 81.001-81.004, 81.006, and 81.009-81.010. *Id.* Goosby seeks only compensatory monetary damages, including "5 million dollars" each from defendants Turner and Losoya, and "2 million dollars" each from the other defendants. Complaint at 4 § VI.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed. *See* 28 U.S.C.A. § 1915(e)(2) (West 2006); *see Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a)(West 2006). Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995). Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory." *Id.* (citing *Neitzke,* 490 U.S. at 327.) After review of the complaint under

---

[3]*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B) (West 2006).

these standards, the Court concludes that Goosby's claims under 42 U.S.C. § 1983 must be dismissed.

After review and screening of the complaint and supporting exhibits, all of Goosby's claims for constitutional violations under § 1983 must be dismissed as barred by the statute of limitations. The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal-injury actions for the state of suit. *See Wilson v. Garcia*, 471 U.S. 261, 273-76 (1985) (holding that state statute of limitations period for personal-injury actions applies to all claims under 42 U.S.C. § 1983). In Texas, the applicable limitations period is two years. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal-injury limitations period); *see* Tex. Civ. Prac. & Rem. Code 16.003(a)(West Supp. 2013) (Texas's two-year, personal-injury limitations statute). A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Moore*, 30 F.3d at 620 (citing *Gartrell V. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993)).

Accrual of a claim under § 1983 is determined by federal law, under which a claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action. *See Harris,* 198 F.3d at 157 (citing *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir. 1992) and *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). Plaintiff recites allegations arising from the time period in 2004 through 2005 when he was housed in the NTSH. He acknowledges arrival there in December 22, 2004, and all of his allegations involve events that allegedly took place between that date and March 2005, when he was deemed restored to competency. Complaint, attachment pages, ECF No. 3, at 10-15; Exhibit, ECF 3-1, at 18. Goosby acknowledges that he signed a release in December 2012 and paid for copies of his records from the NTSH, which he has attached

as exhibits to his complaint. Exhibits, ECF 3-1, at 37. Although dated December 27, 2012, the date purchased by Goosby, the records are for medical, clinical, and assessment reports generated from 2004-2005, while Goosby was housed in the NTSH. Exhibits 3-1, at 39-91. In the "proposed amended complaint" pages, Goosby adds additional causes of action, but he does not list any dates other than as listed in the complaint. Furthermore, staff telephone contact with the Texas Department of Criminal Justice, Offender Information Office, confirms that Jonathan Shawn Goosby, TDCJ number 1307836, has been housed in the TDCJ-Correctional Institutions division since July 6, 2005, and has not been in the North Texas State Hospital during that time.

Upon review of the allegations in this complaint, the Court sees no basis to believe that Goosby did not know or have reason to know of the events giving rise to his claims in 2005, when he was discharged from the NTSH. As this suit was filed in 2013, his claims under 42 U.S.C. § 1983 are filed too late. The applicable two-year statute of limitations already had expired prior to the time Goosby filed suit. As all claims under 42 U.S.C. § 1983 are barred by the applicable statutes of limitations, they must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b)(i) and (ii).

*State law claims*

In addition to the assertion of federal constitutional claims, Goosby also asserts state law claims. Proposed Amended Complaint, ECF No. 8. Title 28 U.S.C. § 1367 provides that a district court may decline to exercise supplemental jurisdiction over state claims if, among other reasons, the "district court has dismissed all claims over which it had jurisdiction." See 28 U.S.C.A. § 1367(c)(3) (West 2006). Because the Court concludes that all of the federal claims asserted must be dismissed, the Court, in the exercise of its discretion, finds that the remaining state law claims should be dismissed without prejudice.

**ORDER**

It is therefore **ORDERED** that the motion for leave to file an amended complaint, ECF No.8, is **GRANTED** to the extent the "proposed amended complaint" attached thereto has been reviewed and screened along with the complaint.

It is further **ORDERED** that all claims for violations of constitutional rights under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further **ORDERED** that all of Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**[4].

**SO ORDERED** this **22nd day** of **July, 2014.**


_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[4]The Court expressly notes that this order does not affect Plaintiff's right to assert claims arising under state law in state court.